*Houmita v. Garland*

BIA
Baumgarten, IJ
A079 719 324

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand twenty-one.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

———————————————————————————

ABDELHAKIM HOUMITA,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————

20-1848
NAC

| | |
|---|---|
| FOR PETITIONER: | Vilia B. Hayes; Dustin P. Smith; Amina Hassan; Hughes Hubbard & Reed LLP, New York, NY. |
| FOR RESPONDENT: | Brian Boynton, Acting Assistant Attorney General, John S. Hogan, Assistant Director, Robbin K. Blaya, Trial Attorney, Office of |

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abdelhakim Houmita, a native and citizen of Algeria, seeks review of a May 14, 2020 decision of the BIA affirming a November 19, 2019 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdelhakim Houmita*, No. A079 719 324 (B.I.A. May 14, 2020), *aff'g* No. A079 719 324 (Immigr. Ct. Batavia Nov. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

"[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

The agency reasonably concluded that the Department of Homeland Security ("DHS") met its burden to rebut the presumption of future persecution by showing a fundamental change in conditions in Algeria.  *See Lecaj v. Holder*, 616 F.3d 111, 115, 119 (2d Cir. 2010) (reviewing country conditions determination for substantial evidence).  An asylum applicant who has shown past persecution has a rebuttable presumption of future persecution.  8 C.F.R. § 1208.13(b)(1).  DHS can rebut that presumption by establishing by a preponderance of the evidence that circumstances in the country of past persecution have fundamentally changed.  *Id.* § 1208.13(b)(1)(i)(A).  The changed circumstances must "obviate the risk to life or freedom related to the original claim."  *Kone v. Holder*, 596 F.3d 141, 149 (2d Cir. 2010) (internal quotation marks omitted).

Substantial evidence supports the agency's conclusion that there was a fundamental change in conditions in Algeria.

3

The record reflects that an extremist group, Islamic Salvation Front ("FIS"), persecuted Houmita in 1996 because he had been a member of the military engaged in fighting the FIS. Algeria outlawed the FIS in 1992, granted it amnesty in 1999, and eradicated it by 2002. The evidence does not reflect a present threat to Houmita or support his contention that the FIS was absorbed into currently active terrorist groups to such a degree as to constitute a continuing threat. To the extent Houmita argues that the agency overlooked evidence of an article regarding the FIS's presence in current groups, "we presume that an IJ has taken into account all of the evidence . . . , unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). In any event, there is an absence of evidence in the article that the FIS, through these current groups, would seek out an individual, like Houmita, who fought against the FIS.

Substantial evidence also supports the agency's finding that Houmita failed to establish a well-founded fear of persecution on any ground independent of his past harm. He did not show that former military members or individuals with

4

Western interests face systemic and pervasive persecution. *See Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (concluding there was no error in agency's pattern or practice finding where the agency considered country-conditions evidence and that evidence did not show systemic and pervasive persecution); *see also* 8 C.F.R. § 1208.13(b)(2)(iii); *Matter of A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining pattern or practice of persecution as "systemic or pervasive").

We also find no error in the agency's denial of humanitarian asylum. The agency has discretion to grant humanitarian asylum to an applicant who no longer has a fear of future persecution if "(A) The applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution; or (B) The applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii). Houmita did not assert "other serious harm" before the agency, so the issue here is whether he suffered "severe harm [from his past persecution] and the

long-lasting effects of that harm." *Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007) (internal quotation marks omitted); *see also Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 107 n.1, 119-120 (2d Cir. 2007) (requiring exhaustion of issues before BIA).

Although Houmita suffered significant past harm as a result of attacks in 1996 by armed militiamen who Houmita believed were members of the FIS, the agency did not err in finding that his harm was not sufficiently severe for humanitarian asylum. In reaching this conclusion, the agency properly considered the "degree of harm suffered by the applicant" and "the length of time over which the harm was inflicted." *In re N-M-A-*, 22 I. & N. Dec. 312, 326 (B.I.A. 1998); *see also Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir. 2006) (finding harm not sufficiently "atrocious" where applicant was beaten and harassed on six occasions). Moreover, an applicant must also demonstrate lasting physical or mental effects of the persecution, *see Jalloh*, 498 F.3d at 152, and Houmita had no evidence of lasting physical effects and no evidence of mental effects or treatment prior to his immigration detention in 2019. On this record, the agency

6

did not err in finding a lack of evidence of effects stemming from the past harm. *See id.*

Finally, substantial evidence supports the agency's denial of CAT protection. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020)(reviewing CAT determination for substantial evidence); *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (likelihood of harm is factual determination). Houmita did not show ongoing torture of former military personnel by the FIS, and he did not allege that anyone had inquired about him since 2007. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."); *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" that applicant would be subject to torture); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005)("In the absence of solid support in the record . . . , [applicant's] fear is speculative at best.").

7

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court